# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## **EVIDENTIARY** SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: 20-316 WJ | | USA vs. Livingston | |
| Date: 9/8/2021 | | Name of Deft: Troy Livingston | |
| Before the Honorable: | Chief District Judge William P. Johnson | | |
| Time In/Out: | 10:09am – 11:31am<br>11:44am – 12:41<br>1:30pm – 3:11pm<br>4:06pm - 4:40pm | Total Time in Court (for JS10): | 5 hours and 34 minutes |
| Clerk: | R. Garcia | Court Reporter: | M. Loughran |
| AUSA: | David Cowen and Frederick Mendenhall | Defendant's Counsel: | Theresa Duncan |
| Sentencing in: | Albuquerque, NM | Interpreter: | N/A |
| Probation Officer: | Robert Sanchez | Interpreter Sworn? | Yes / No |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Convicted on: | **X** | Plea | | Verdict | As to: | **X** | Information | Indictment |
| If Plea: | **X** | Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | | | |
| If Plea Agreement: | **X** | Accepted | | Not Accepted | No Plea Agreement | Comments: | | |
| Date of Plea/Verdict: 8/4/2020 | | PSR: | **X** | Not Disputed | | Disputed | Courts adopts PSR Findings | |
| Evidentiary Hrg: | | Not Needed | **X** | Needed | Exceptions to PSR: | | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | 240 months |
|---|---|---|
| Supervised Release: 5 years | | Probation: |

| | | | | | |
|---|---|---|---|---|---|
| REC | **X** | 500-Hour Drug Program and any additional treatment programs available pursuant to recommendations in Dr. Viljoen's Report | | BOP Sex Offender Program | Other: |
| ICE | | Court recommends ICE begin removal proceedings immediately or during service of sentence | | | ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | | |
|---|---|---|---|---|
| | No re-entry without legal authorization | | | Home confinement for ___ months ___ days |
| | Comply with ICE laws and regulation | | | Community service for 40 hours |
| **X** | Participate in outpatient substance abuse treatment program | | **X** | Reside halfway house for up to 6 months |
| **X** | Submit to substance abuse testing not to exceed 60 test per year | | | Undergo a sex offense-specific assessment and participate in sex offender treatment program, if deemed necessary |
| **X** | Participate in/successfully complete mental health program | | | If recommended in the sex offense-specific assessment, you must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation |
| | take all mental health medications that are prescribed by your treating physician | | | Register as sex offender |
| **X** | Must not use/possess alcohol and submit to no more than 4 tests a day | | | Participate in sex offender treatment program |
| **X** | Submit to search of person/property | | | Possess no sexual material |
| | No contact with victim(s) | | | No computer with access to online services |
| | No entering or loitering near victim's residence | | | No contact with children under 18 years |
| | Provide financial information | | | No volunteering where children supervised |
| **X** | Waive right of confidentiality for treatment providers | | | Restricted from occupation with access to children |
| | Must not knowingly use or possession of synthetic cannabinoids, etc. | | | No loitering within 100 feet of school yards |
| **X** | No possession of a firearm, ammunition, destructive device or any other dangerous weapon | | | Participate in an educational/vocational program |
| | You must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia | | **X** | Participate in anger management and domestic violence program |
| | OTHER: | | | |

| Fine: | $ | 0.00 (RCC imposed) | | Restitution: | $ | 9,168.66; $6,000 to NM Crime Victims Reparation Commission; 3,168.66 to T.L.; to be paid in full or $100 per month or 10% of Defendant's gross monthly income, whichever is greater. |
|---|---|---|---|---|---|---|
| SPA: | $ | 100.00 | | Payment Schedule: | X  Due Immediately | ☐ Waived |

| OTHER: | |
|---|---|
| X  Advised of Right to Appeal | ☐ Waived Appeal Rights per Plea Agreement |
| X  Remanded into custody | ☐ Voluntary Surrender |
| X  Recommended place(s) of incarceration: | USP Tucson or FCI Phoenix, AZ |
| ☐ Dismissed Counts: | |

| OTHER COMMENTS: | Ms. Duncan advises PSR reviewed with her client; no objections.<br>Mr. Cowen notes the Government has no objections to the PSR.<br>The Court finds OL to be 35, criminal history category I, resulting in a sentencing range of 168 to 210 months; notes presentations today will be specific to upward and downward variances requested by counsel.<br>Mr. Cowen notes 30 exhibits from the Government, one witness, and 3 family members will be presented to the Court.<br>Ms. Duncan has no objection to Government's exhibits and has one witness who will testify after 12:00 p.m. today due to her other work obligations.<br>Mr. Cowen calls FBI case agent Dave Loos as a witness; witness sworn.<br>Direct examination by Mr. Cowen; Mr. Cowen moves to admit exhibit 1 (911 audio call); moves to admit Government exhibits 1 – 30; without objection from the Defendant, the Court admits Government exhibits 1 – 30.<br>Mr. Cowen plays Exhibit 1 (911 call); Exhibit 4 (police body cam); tenders Exhibits 5 – 16 (photos of rooms in the home and flashlight); Exhibit 30 (autopsy report); Exhibits 17 – 24 (photos of victim); Exhibit 25 (report re interview w/individual); Exhibit 26 (hospital report); Exhibit 27 and 28 (Navajo police reports, including photos of damages vehicle); Exhibit 29 (Officer Yazzie's interview w/victim).<br>Ms. Duncan moves for admittance of Defendant's Exhibits A – W; w/out objection, the Court admits Exhibits A – W.<br>Cross examination by Ms. Duncan; witness referred to Exhibits Q1, Q8, Q2, Q3, Q4, Q5, Q6, Q7, (photos of interior of home), Exhibits A (transcript of interview w/Defendant), Exhibit R (witness Loos' report), and Government Exhibit 26.<br>Witness excused.<br>The Government has no further evidence to present.<br>Family victims address the Court.<br>Court takes a 10 minute break.<br>Court back in session.<br>Mr. Cowen reads a final note from victim's family member.<br>Mr. Cowen addresses the Court; notes the Government does not object to PSR findings re advisory guideline range; argues for upward departure, based on 5K2.8 extreme conduct, of 6 levels to OL 41 resulting in a sentencing range of 324 to 405 months, or variance to 234 months based on 3553 factors.<br>Ms. Duncan responds in opposition to Government's argument.<br>The Court breaks for lunch until 1:15p.m.<br>Ms. Duncan calls Dr. Simone Viljoen as a witness; witness sworn.<br>Direct examination by Ms. Duncan; witness referred to her Report (Doc. 69-7) and Exhibit W (witness's CV).<br>Cross examination by Mr. Mendenhall.<br>Redirect by Ms. Duncan.<br>Witness excused.<br>The Court asks Ms. Duncan to clarify any objections to PSR; Ms. Duncan responds; Court notes as long as both parties objections are represented in the PSR, does that resolve objection?<br>Ms. Duncan notes she is not objecting to the factual recitations, just the conclusion that that it meets criteria for upward departure; believes she has made her record. |

Ms. Duncan addresses the Court; argues for downward departure and or variance to range of 121 to 151 months.
Mr. Cowen replies.
Ms. Duncan responds.
The Court conducts colloquy with Ms. Duncan re unwarranted sentencing disparities.
Defendant addresses the Court.
The Court directs Probation to include Dr. Viljoen's Report in its packet to BOP and asks defense counsel to consider what BOP facility her client would like a recommendation for.
The Court will take a break to consider its ruling and return at 3:45 or 4:00
Court back in session.
The Court formally accepts the parties' plea agreement and finds offense level to be 35, criminal history category to be I, resulting in an advisory guideline range of 168 to 210 months; Court makes note of prior criminal history, specifically, Tribal court cases involving damage done to victims family car which could have placed Defendant in criminal history category II; makes reference to this issue to highlight that all this conduct was in close proximity to the murder; it highlights the fact that there is no basis for downward departure and that nothing takes this case out of heartland of cases for 2nd Degree Murder; addressing Government's request for upward departure, it finds nothing to take this matter out of the heartland of cases; denies both upward and downward departures by the parties; addresses 3553 factors and finds the Court's sentence will be sufficient to meet the factors of 3553; finds any sentence below the guideline range not warranted and Government's request for upward variance of 9 years above the guideline range is not warranted; taking into account the nature and circumstances of the offense and the history and characteristics of the Defendant, the Court varies upward to a term of 240 months.